USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 10/31/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARRY B. PASCAL and NANCY R. PASCAL, individually and on behalf of a class,

Plaintiffs,

- against -

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,

Defendant.

**OPINION AND ORDER**
09-CV-10082 (ER)

Ramos, D.J.:

Plaintiffs Harry and Nancy Pascal ("Plaintiffs") move, pursuant to Rule 60 of the Federal Rules of Civil Procedure, for reconsideration of this Court's Order granting Defendant's motion for summary judgment. Doc. 75 (the "Order").[1] The motion, Doc. 78, is DENIED.

## I. Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure and Rule 6.3 of the Local Civil Rules for this District provide for reconsideration or reargument of a court's order on a motion only where the court has overlooked controlling decisions or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500, 501 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)); *see also* Fed R. Civ. P. 60(b); Local R. 6.3. The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F .2d 58, 61 (2d Cir. 1986). "Reconsideration of a court's previous order is an 'extraordinary remedy to

[1] The facts and procedural history of this case are discussed in the Order, familiarity with which is presumed.

be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Mikol*, 554 F. Supp. 2d at 500 (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)) (internal quotation marks omitted). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Id.* (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

A motion for reconsideration is not a substitute for appeal, *Boart Longyear Ltd. v. Alliance Indus., Inc.*, 869 F. Supp. 2d 407, 418 (S.D.N.Y. 2012), nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512-13 (S.D.N.Y. 2009). "Courts have repeatedly been forced to warn litigants that such motions should not be made reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." *Boart Longyear Ltd.*, 869 F. Supp. 2d at 418 (internal quotation marks and citation omitted).

Whether to grant or deny a motion for reconsideration is within the sound discretion of the district court. *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. Jul. 11, 2012) (citing *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Under the strict standard applied by courts in this Circuit, "reconsideration will generally be denied."

*In re Health Mgmt. Sys,. Inc. Sec. Litig.*, 113 F. Supp. 2d at 614 (internal quotations marks and citation omitted).

## II. Plaintiffs' Motion

In granting Defendant's motion for summary judgment on Plaintiffs' Fair Debt Collection Practices Act[2] ("FDCPA") claims, this Court held that Defendant ("JP Morgan") did not "obtain" Plaintiffs' mortgage while it was in default under the FDCPA; rather, by way of its acquisition of Washington Mutual Bank ("WaMu"), Defendant stands in the place of WaMu as Plaintiffs' loan servicer. Order at 8. In so holding, this Court relied upon Section 2.1 of the Purchase and Assumption Agreement ("PAA") between the FDIC and JP Morgan, which specifically states that JPMorgan "assumes all mortgage servicing rights and obligations of [WaMu]." *Id.* Plaintiffs argue that this Court "overlooked" Section 3.1 of the PAA which, according to Plaintiffs, contradicts Section 2.1. Section 3.1 states in relevant part that JPMorgan "specifically purchases all mortgage servicing rights and obligations of [WaMu]." Pls.' Mem. L. 2-3.

Plaintiffs' motion is completely without merit. Despite the fact that Defendant submitted the PAA on its motion for summary judgment, Plaintiff failed to put the current argument "before the Court." Rather, Plaintiffs did not even address the PAA in their opposition papers. Notwithstanding Plaintiffs' failure to raise the current argument on the prior motion, the Court fully considered the PAA and did not "overlook" Section 3.1 in reaching its decision that Defendant is not a "debt collector" under the FDCPA. Contrary to Plaintiffs' assertion, Section 3.1 of the PAA does not conflict with Section 2.1. Rather, both sections make clear that JP Morgan assumed all of WaMu's servicing obligations as part of its acquisition of the company.

---

[2] 15 U.S.C. § 1692g.

The FDCPA was intended to cover "third party debt collectors" that attempt to collect debts owed to another. It was not intended to cover companies—like JP Morgan—who, by way of their acquisition of a plaintiff's previous mortgage company, stands in the place of the previous company as plaintiff's loan servicer. Indeed, in light of the clear purpose of the FDCPA to regulate the actions of third party debt collectors who regularly engage in collection abuse, those courts that have considered the issue have come to the same conclusion as this Court; namely, that where a company acquires a debt through its merger with a previous servicer of the plaintiff's mortgage, rather than via a specific assignment, the debt was not "obtained" while it was in default. *See* Order at 7; *see also Nichols v. BAC Home Loans Serv. LP*, No. 13 Civ. 00224 (DNH), 2013 WL 5723072, at *5-*6 (N.D.N.Y. Oct. 18, 2013); *Norma J v. Wells Fargo Bank, N.A.*, No. 13 Civ. 01617 (GEB) (DAD), 2013 WL 5673469, at *3 (E.D. Cal. Oct. 17, 2013).

## III. Conclusion

For the reasons set forth above, Plaintiffs' Motion for Reconsideration is DENIED. The Clerk of the Court is respectfully directed to terminate the motion. Doc. 78.

SO ORDERED.

Dated: October 31, 2013
New York, New York

Edgardo Ramos, U.S.D.J.